Deaderick, J.,
delivered the opinion of the Court.
At the January Term, 1870, of the Criminal Court of Shelby county, a verdict was rendered against the plaintiff in error, upon an indictment for horse stealing, fixing the time of his imprisonment in the penitentiary at five years.
A motion in arrest of judgment was made by plaintiff in error, and the same was overruled by- the court, and an order made by the court setting aside the verdict and awarding a new trial, without any application therefor by plaintiff in error.
Subsequently, the plaintiff in error, being arraigned at the bar for trial, pleaded the former conviction as a bar to any further or other prosecution, upon the same indictment.
But, it appearing to the court that there was no issue made, or submitted to the jury to try, between the State and the plaintiff in error, which facts were replied to by the Attorney General in behalf of the State, and by agreement submitted to the court for determination, the plea of former conviction was disallowed and overruled.
The record then recites: “Comes the Attorney Gen-ral on the part of the State, and the said defendant *254 in proper person, who, on being arraigned at the bar of the court and charged on the above bill of indictment, stands mute, and refuses to plead; whereupon the court orders a plea of not guilty to be entered herein.”
Whereupon, a jury was empaneled to try said issue.
But it further appears from the record, that the traverse jury was called into the jury box, and offered to be passed to the defendant, who objected that they were not elected or presented for his acceptance in the usual and legal mode in such cases, and objected to making any selection until the jurors were presented to him in accordance with the law of the State. The court overruled the objection of the defendant, and ordered the elerk to swear the jury to try the issue upon the plea of not guilty, which was accordingly done.
Evidence was adduced and a verdict of guilty rendered, and the term of imprisonment in the penitentiary, fixed at ten years..
A new trial and motion, in arrest of judgment being refused and overruled, the defendant appealed in error to this court.
It clearly appears from the record, that the defendant, upon his first so-called trial, did not put in a plea of not guilty, or other plea. The verdict of the jury, not being responsive to any issue, was a nullity, and the defendant can not be said to have been in jeopardy, and there was no error in setting aside that verdict of guilty, and granting the prisoner a new trial.
If a plea of not guilty, or other sufficient plea, had been in fact pleaded, although by inadvertence, or from *255 other cause, the clerk had omitted to file or enter such plea of record, a judgment, upon a finding by the jury upon such plea, would have been valid: Code, 5242.
And under this section of the Code, this court would, perhaps, be authorized to presume that the plea of not guilty was in fact pleaded, unless the record showed facts upon its face contradicting such presumption. .
There was, therefore, nothing in the first verdict of the jury to prevent the court from putting the defendant upon trial.
The defendant standing mute, and refusing to plead, the court had the right to enter the plea of not guilty, and proceed with the trial: Code, 5209.
But, in what manner should the trial proceed? The section of the Code last cited, provides that the trial shall proceed after the plea of not guilty is entered by the court, in the same way as if the plea had been entered by the defendant himself.
The defendant was entitled to have a list of the jurors furnished him a reasonable time before the formation of the jury commenced. He was entitled to have the name of each juror summoned, written on separate scrolls, and placed in a bos or other receptacle, and drawn as provided by statute, subject to the peremptory challenges and challenges for cause, which the law secured him: Code, 5212, 5214.
These rights, secured to every defendant in a State prosecution, and of which he could only be deprived by his waiver of them, or refusal to avail himself of them when offered, were denied the defendant against his pro *256 test, ill empaneling the jury, by which he was tried. And for this error, the judgment of the court below must be reversed, and the cause be remanded for a new trial.